**Ruth Frick RICE**
vs.
**The PRESIDENT and FELLOWS of HARVARD COLLEGE**

Civ. A. No. 80-2229-S

United States District Court
D. Massachusetts

February 3, 1981

Ruth Frick Rice, pro se
John H. Mason for the defendant.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

SKINNER, D.J. The plaintiff's complaint has two branches: breach of fiduciary duty and violation of her civil rights by reason of sex discrimination.

The civil rights claim is based on an allegation that the Harvard Law School faculty purposely discriminates against women in the awarding of grades. In support, she points to the very low percentage of women on the Harvard Law Review, appointment to which is reserved for the highest ranking students, and the low percentage of female students who graduated with honors in 1980. In its motion to dismiss, the corporation points out that the grading system provides for anonymity through coded exam papers, and that the plaintiff has not negated other factors which might influence the female students' grades. These are matters of defense. In my opinion, the facts alleged by the plaintiff are enough to state a prima facie case of sex discrimination if they fall within the scope of any of the statutes which create a private right of action for sex discrimination. Identification of a statutory basis for this suit is the plaintiff's major problem.

She relies on 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 20 U.S.C. § 1681. 42 U.S.C. § 1983 requires that the defendant be acting under color of state law. The Court of Appeals has held that the President and Fellows of Harvard College and the Harvard Law School do not act under color of state law, even though Harvard College was originally founded by the Massachusetts Bay Colony, and what passes for its charter is imbedded in the Constitution of the Commonwealth of Massachusetts. Krohn v. Harvard Law School, 552 F.2d 21 (1st Cir. 1977). 20 U.S.C. § 1681 prohibits sex discrimination in educational programs and activities receiving federal financial assistance. The only such program at Harvard Law School referred to in the complaint is a work-study program. It is not alleged that there was any sex discrimination in the administration of this program, nor does it appear that the plaintiff was even a member of this program.

What is left is 42 U.S.C. § 1985(3), which prohibits any conspiracy to deprive a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and creates a private right of action to those injured by acts done in furtherance of such a conspiracy. A conspiracy to discriminate in the awarding of grades by a private institution is probably not within the scope of § 1985(3). Cf., Cohen v. Illinois Institute of Technology, 524 F.2d 818 (7th Cir. 1979). Even assuming that a theory of recovery could be devised in favor of the victim of such a conspiracy, an absolutely essential element of the private right of action is the existence of a conspiracy.

The President and Fellows of Harvard College constitute a corporation. That is the official name of the corporation which owns and operates Harvard University, including its Law School. That designation also describes the small governing board of the University which acts as the board of directors of the corporation. The members of the faculty are not "Fellows" as alleged by the plaintiff. The President and Fellows do not act individually but as a corporate entity. The plaintiff has sued a unitary defendant which cannot conspire with itself. Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir. 1972).

The faculty of the Harvard Law School are all employees of the single corporation known as the President and Fellows of Harvard College, and ordinarily the employees of a single corporation are not considered to have conspired together when they collectively carry out the work of their employer. Dombrowski v. Dowling, supra. Cf., e.g., Harvey v. Fearless Farris Wholesale, Inc., 589 F.2d 451, 455, n. 7 (9th Cir. 1979); Giant Paper and Film Corporation v. Albemarle Paper Co., 430 F.Supp. 981, 985 (S.D. N.Y. 1977). Possibly a theory could be developed under which a law school faculty could be distinguished

from ordinary corporate employees by reason of their individual autonomy, but the opportunity is not presented in this case. None of the Harvard Law faculty have been named as defendants.

It is rather doubtful if there is any means of redress for the plaintiff under federal statutes, although I have suggested some possibilities above. In any case, the present complaint fails to state a cause of action under any of the federal statutes cited by the plaintiff.

The plaintiff also seeks redress for alleged sex discrimination on the theory that the defendant owed her a fiduciary duty as the beneficiary of a public charity. This claim for relief would arise under the law of Massachusetts. As I understand that law, the vindication of the rights of beneficiaries of public charities is committed by statute to the Attorney General of the Commonwealth. G.L. c. 12, § 8. His prerogative is exclusive, and an action to enforce the fiduciary duties of a public charitable corporation may not be brought by individual beneficiaries. Ames v. Attorney General, 332 Mass. 246 (1955).

The remainder of her allegations of breach of fiduciary duty charge the defendant with failure to maintain the facilities of the Harvard Law School at a proper standard. While the defendant has a fiduciary duty not to abandon the charitable and public purposes for which it was formed, it has a very broad discretion as to the allocation of its resources. Cf., Attorney General v. President and Fellows of Harvard College, 350 Mass. 125 (1966). The minutiae of which the plaintiff complains are probably not actionable, but in any case, under the Massachusetts law described in the preceding paragraph, the plaintiff has no standing to sue.

In accordance with the foregoing, I rule that this complaint does not state a claim upon which relief can be granted. The defendant's motion to dismiss under Rule 12(b)(6) is ALLOWED.

Walter Jay Skinner
United States District Judge